IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITA CHISHOLM,<br><br>    PLAINTIFF,<br><br>v.<br><br>SUPERIOR COURT OF THE DISTRICT<br>OF COLUMBIA, *et. al.*<br><br>    Defendants. | Case No. 06-2174 (RBW) |

**DEFENDANT D.C. SUPERIOR COURT'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Superior Court of the District of Columbia ("Superior Court"), by and through undersigned counsel, hereby answers the Complaint in the above-captioned matter.[1] The defendant asserts that anything not specifically admitted herein is denied, and answers the Complaint as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

The defendant states the following in response to the individually numbered paragraphs in the Complaint.

### INTRODUCTORY STATEMENT

1. The allegations asserted in this section of the Complaint are legal conclusions to which no response is required. To the extent that the Introductory Statement contains factual

---

[1] The plaintiff's Complaint identifies one of the defendants in this action as Ann Wicks, "the Executive Officer of the Superior Court and [she] is sued in her official capacity." (Complaint, at p. 2.) Because a suit against a D.C. Superior Court official sued in his or her official capacity is the legal equivalent of a suit against the D.C. Superior Court, Ms. Wicks has filed a Motion to Dismiss the Complaint contemporaneously with this Answer.

allegations, the defendant denies said allegations and demands strict proof thereof at trial.

## PARTIES

1. The defendant admits that plaintiff was employed by D.C. Superior Courts until August 2005. The defendant is without sufficient information to admit or deny the remaining allegations contained in paragraph 1 of the section entitled "Parties."

2. The allegations asserted in paragraph 2 of the section entitled "Parties" are legal conclusions to which no response is required.

## GENERAL FACT AVERMENTS

1. The defendant admits that plaintiff was employed "for approximately 19 years" as a file clerk. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in the first sentence of paragraph 1 of the Complaint. The defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof at trial.

2. The defendant admits that plaintiff and Ms. Jennifer Galloway worked together in the Criminal Finance Division of the D.C. Superior Court. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 2 of the Complaint.

3. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 3 of the Complaint.

4. The defendant is without sufficient information to admit or deny the factual allegations

contained in paragraph 4 of the Complaint.

5. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 5 of the Complaint.

6. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 6 of the Complaint.

7. The defendant is without sufficient information to admit or deny the factual allegations contained in the first sentence of paragraph 7 of the Complaint. The defendant denies the remaining allegations contained in this paragraph and demands strict proof thereof at trial.

8. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 8 of the Complaint.

9. The defendant admits that plaintiff was on medical leave for injuries sustained on and off the job, and that she was terminated on August 5, 2005. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 9 of the Complaint.

10. The defendant admits that sometime in November 2004, the plaintiff "applied for advance annual leave" (sic). The defendant denies the remaining allegations contained in paragraph 10, and demands strict proof thereof at trial.

11. The defendant admits that plaintiff's request for an advance of her annual leave was denied. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in the first sentence of paragraph 11 of the Complaint.

12. The defendant is without sufficient information to admit or deny the factual allegations

contained in paragraph 12 of the Complaint.

13. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 13 of the Complaint.

14. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 14 of the Complaint.

15. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 15 of the Complaint.

16. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 16 of the Complaint.

17. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 17 of the Complaint.

18. The defendant admits that plaintiff filed a grievance on or about January 11, 2005. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 18 of the Complaint.

19. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 19 of the Complaint.

20. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 20 of the Complaint.

21. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 21 of the Complaint.

22. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 22 of the Complaint.

23. The defendant admits that Mr. Friend spoke with a representative from COPE. The

defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 23 of the Complaint.

24. The defendant admits that plaintiff faxed Mr. Friend a letter on March 11, 2005. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 24 of the Complaint.

25. The defendant admits that plaintiff asked for a detail to another position, and was complaining about her injuries. The defendant is without sufficient information to admit or deny the remaining factual allegations contained in paragraph 25 of the Complaint.

26. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 26 of the Complaint.

27. The defendant denies the allegation that Mr. Friend and Ms. Galloway had any kind of relationship "off the job site." The defendant admits that Mr. Friend hired Ms. Galloway. The defendant denies the remaining allegations contained in paragraph 27, and demands strict proof thereof at trial.

28. The defendant admits that plaintiff was sent a notice of termination on August 5, 2005. The defendant denies the remaining allegations contained in paragraph 28.

29. The defendant admits that it made its termination decision based, in part, on the police reports, the April 2005 arrest of plaintiff, the stay-away order issued in the criminal proceeding, and plaintiff's participation in the diversion program.

30. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 30 of the Complaint.

31. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 31 of the Complaint.

32. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 32 of the Complaint.

33. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 33 of the Complaint.

34. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 34 of the Complaint.

35. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 35 of the Complaint.

36. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 36 of the Complaint.

37. The defendant admits that the stay away order was an important consideration in the decision to terminate plaintiff.

38. The defendant is without sufficient information to admit or deny the factual allegations contained in paragraph 38 of the Complaint.

39. The allegations contained in paragraph 39 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 39 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

40. The defendant admits that Mr. Rainey issued a memorandum on April 18, 2005, tentatively agreeing with the decision to terminate plaintiff. The defendant denies the remaining allegations contained in paragraph 40.

41. The defendant admits that plaintiff was terminated, effective August 5, 2005 for violations of the Court's personnel policies, based on the criminal matter that involved

Ms. Galloway.

42. The defendant admits that Ms. Galloway was arrested, but unlike plaintiff the charges against her were dropped. The remaining allegations contained in paragraph 42 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 42 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

43. The allegations contained in paragraph 43 of the Complaint are legal conclusions to which no response is required. To the extent that paragraph 43 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

## **CLAIMS FOR RELIEF**

### **COUNT I: AGE DISCRMINATION IN EMPLOYMENT ACT**

44. In response to paragraph 44, the defendant incorporates its answers to paragraphs 1 through 43 as stated above.

45. Paragraph 45 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 45 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

### **COUNT II: REHABILITATION ACT AND AMERICANS WITH DISABILITIES ACT**

46. In response to paragraph 46, the defendant incorporates its answers to paragraphs 1 through 45 as stated above.

47. Paragraph 47 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 47 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

48. Paragraph 48 of the Complaint contains legal conclusions to which no response is required. To the extent that paragraph 48 contains factual allegations, the defendant denies said allegations and demands strict proof thereof at trial.

### REQUEST FOR RELIEF

This section, and its subparts, consists of a prayer for relief to which no response is required.

**FURTHER ANSWERING**, the defendant denies all allegations of wrongdoing, intentional, negligent or otherwise, not specifically denied or otherwise responded to herein.

### Third Defense

Plaintiff might have failed to exhaust her administrative remedies and failed to comply with other mandatory filing requirements.

### Fourth Defense

Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself from the alleged conduct.

### Fifth Defense

Plaintiff's EEOC/Human Rights claim might have been filed in an untimely fashion.

### Sixth Defense

The Complaint might have been filed in an untimely fashion.

### Seventh Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

### Eighth Defense

All actions taken by defendant relating to the plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

### Ninth Defense

If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by her own willful conduct.

### Tenth Defense

Plaintiff has failed to mitigate any damages that she may have incurred.

### Eleventh Defense

Plaintiff might have failed to meet the applicable statute of limitations.

### Twelfth Defense

This action may be barred by the doctrine of laches and/or unclean hands.

### Set-off

The defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

**THE D.C. SUPERIOR COURT** reserves the right to Amend its Answer.

### REQUEST AND DEMAND FOR JURY TRIAL

The defendant, by and through its counsel, respectfully requests a jury trial in this matter.

WHEREFORE, the defendant prays the Court will dismiss the Complaint and award the defendant the expense of this litigation, costs and interest, and such other relief as the Court deems just and proper.

Respectfully Submitted,

LINDA SINGER
Acting Attorney General for the
District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

____/s/Nicole Lynch_____
NICOLE L. LYNCH [471953]
Section Chief
General Litigation, Section II

___/s/Toni Michelle Jackson___
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6602
Fax:  (202) 727-3625
E-Mail:  toni.jackson@dc.gov