IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITA CHISHOLM,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SUPERIOR COURT OF THE<br>　DISTRICT OF COLUMBIA, *et. al.*<br><br>　　　　　Defendants. | Case No. 06-2174 (RBW) |

## **DEFENDANT ANN WICKS' MOTION TO DISMISS THE COMPLAINT**

Defendant Ann Wicks ("Ms. Wicks"), by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) Ms. Wicks is not a proper party to this action; and 2) Ms. Wicks is entitled to qualified immunity in a suit against her in her official capacity.

A Memorandum of Points and Authorities is attached hereto.  Because this is a dispositive motion, the defendant is not required to seek the plaintiff's consent pursuant to LCvR 7 (m).

　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　LINDA SINGER
　　　　　　　　　　　　　　　　　Acting Attorney General

　　　　　　　　　　　　　　　　　GEORGE  C. VALENTINE
　　　　　　　　　　　　　　　　　Deputy Attorney General, Civil Litigation Division

　　　　　　　　　　　　　　　　　　/s/Nicole L. Lynch
　　　　　　　　　　　　　　　　　NICOLE L. LYNCH (471953)
　　　　　　　　　　　　　　　　　Chief, General Litigation Section II

       /s/Toni Michelle Jackson
TONI MICHELLE JACKSON (453765)
Assistant Attorney General
441 Fourth Street, N.W., Suite 6S052
Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RITA CHISHOLM,<br><br>        Plaintiff,<br><br>v.<br><br>SUPERIOR COURT OF THE<br>    DISTRICT OF COLUMBIA, *et. al.*<br><br>        Defendants. | Case No. 06-2174 (RBW) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION TO DISMISS**

Defendant Ann Wicks ("Ms. Wicks"), by and through undersigned counsel, pursuant to F.R.C.P. 12(b)(6), hereby moves that this Honorable Court dismiss the plaintiff's complaint for failure to state a claim upon which relief can be granted for the following reasons: 1) Ms. Wicks is not a proper party to this action; and 2) Ms. Wicks is entitled to qualified immunity in a suit against her in her official capacity.

## *I. BACKGROUND*

Plaintiff files this lawsuit against the D.C. Superior Court and Ms. Wicks alleging "violations of the Rehabilitation Act ("RA"), and the Age Discrimination in Employment Act ("ADEA")." (Complaint, at p. 1.) The plaintiff also references the Age Discrimination Act ("ADA"). (Complaint, at p. 11.)

As to Ms. Wicks, plaintiff states that she "is the Executive Officer of the Superior Court and is sued in her official capacity." (Complaint, at p. 2.) In her Complaint, however, the plaintiff describes no wrongdoing by Ms. Wicks, no

3

knowledge of or participation by Ms. Wicks in any of the acts alleged in the Complaint or any D.C. Superior Court policy or custom that could give rise to any liability in this case.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to SCR-Civil 12(b)(6) should be granted when it appears that, under any reasonable reading of the complaint, the plaintiff will be unable to prove any set of facts that would justify relief. *Conley v. Gibson*, 355 U.S. 41, 45 (1957). The movant therefore is entitled to judgment if there are no allegations in the complaint that, even if proven, would provide a basis for recovery. *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (1987).

Although the non-moving party enjoys the benefit of all inferences that plausibly can be drawn from well-pleaded allegations of his complaint, bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of a motion under Rule 12(b)(6). *Id.* The court need not accept inferences drawn by the plaintiff if such inferences are unsupported by the facts set out in the complaint, "[n]or must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications* Corp., 305 U.S. App. D.C. 60, 16 F.3d 1271, 276 (1994).

Because the plaintiff has failed to state a claim upon which relief may be granted, her Complaint against Ms. Wicks should be dismissed in its entirety.

### *III.  ARGUMENT*

#### A.  ANN WICKS IS NOT A PROPER PARTY TO THIS ACTION

Ms. Wicks should be dismissed from this lawsuit, because plaintiff sued her in her official capacity. (*See* Complaint, at p. 2.)   It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Will v. United States*, 491 U.S. 58, 71 (1989*),* citing *Brandon v. Holt*, 468 U.S. 464 (1985).  Therefore, "there is no longer a need to bring official capacity actions against local government officials, for  . . . local government units can be sued directly . . ." *Kentucky v. Graham*, 473 U.S. 159, 165-168 (1985).  *See Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity.)

Based on the foregoing, Ms. Wicks should be dismissed from this lawsuit because plaintiff brought this action against Ms. Wicks in her official capacity.

#### B. ANN WICKS IS ENTITLED TO QUALIFIED IMMUNITY

Alternatively, the plaintiff's Complaint should be dismissed because Ms. Wicks is entitled to qualified immunity.  *See Barham v. Ramsey*, 2006 U.S. App. LEXIS 807 * 14 (internal citations omitted) ("Qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'").

The Supreme Court outlined its two-part test for examining claims of qualified immunity:

> A court required to rule upon the qualified immunity issue must consider, then, this threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the [official's] conduct violated a constitutional right?…If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity. On the other hand, if a violation could be made out on a favorable view of the parties' submissions, the next, sequential step is to ask whether the right was clearly established.

*Saucier v. Katz*, 533 U.S. 194, 201 (2001) (internal citations omitted).

In this case, in the absence of *any* facts describing Ms. Wicks' participation in—or even awareness of—any of the acts of other individuals described in the Complaint, the Court cannot answer the threshold question in the affirmative. Furthermore, even if the plaintiff had alleged that Ms. Wicks knew of the circumstances alleged in the Complaint, those circumstances do not show a violation of a "clearly established" right. Accordingly, the plaintiff cannot recover in a suit against Ms. Wicks in her official capacity as a matter of law.

For the reasons stated above, defendant Ann Wicks respectfully requests that this Court dismiss plaintiff's Complaint in its entirety.

    Respectfully submitted,

    LINDA SINGER
    Acting Attorney General

    GEORGE C. VALENTINE
    Deputy Attorney General, Civil Litigation Division

      /s/Nicole L. Lynch
    NICOLE L. LYNCH (471953)
    Chief, General Litigation Section II

      /s/Toni Michelle Jackson
    TONI MICHELLE JACKSON (453765)
    Assistant Attorney General
    441 Fourth Street, N.W., Suite 6S052

Washington, D.C. 20001
(202) 724-6602
(202) 727-3625 (fax)
E-mail:  toni.jackson@dc.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RITA CHISHOLM,<br><br>             Plaintiff,<br><br>   v.<br><br>SUPERIOR COURT OF THE<br>   DISTRICT OF COLUMBIA, *et. al.*<br><br>             Defendants. | Case No. 06-2174 (RBW) |

## **ORDER**

Upon consideration of defendant Ann Wicks' Motion to Dismiss the Complaint on all counts, the Memorandum of Points and Authorities, and any opposition thereto, for the reasons stated in defendant's Motion, it is by the Court this ____ day of February, 2007,

**ORDERED**: That defendant Ann Wicks' Motion to Dismiss on all counts is **GRANTED**.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　REGGIE B. WALTON
　　　　　　　　　　　　　　　　　　　　　 United States District Judge