**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RITA CHISHOLM,<br>　　　　　Plaintiff,<br>　v.<br>SUPERIOR COURT OF THE<br>　　DISTRICT OF COLUMBIA, *et. al.*<br>　　　　　Defendants. | Case No. 06-2174 (RBW) |

## REPORT TO THE COURT OF LCVR 16.3 CONFERENCE

The parties, by and through undersigned counsel and pursuant to LCvR 16.3(d) and this Court's Order, respectfully submit this joint report to the court and proposed scheduling order. The parties will file an amended Report on April 25, 2007.

**A.   STATEMENT OF CLAIMS:**

This case arises out of the discriminatory and retaliatory termination of the Plaintiff from her position as a clerk in the DC Superior Court Budget and Finance Office. The complaint alleges violation of the Age Discrimination in Employment Act and the Rehabilitation/Americans with Disabilities Act.

**B.   STATEMENT OF DEFENSES:**

Defendant states the following defenses to plaintiff's claims:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff might have failed to exhaust her administrative remedies and failed to comply with other mandatory filing requirements. Plaintiff might have failed to timely file a grievance or otherwise failed to protect herself from the alleged conduct.

3. Plaintiff's EEOC/Human Rights claim might have been filed in an untimely fashion.

4. If plaintiff was injured and/or damaged as alleged in the Complaint, said injuries and/or damages resulted from plaintiff's own willful conduct or contributory negligence.

5. All actions taken by defendant relating to the plaintiff were necessary, reasonable, pursuant to lawful authority, and based on legitimate, non-discriminatory reasons.

6. If plaintiff was injured and/or damaged as alleged in the Complaint, recovery for said injuries and/or damages is barred, because the plaintiff assumed the risk of such injuries by her own willful conduct.

7. Plaintiff has failed to mitigate any damages that she may have incurred.

8. Plaintiff might have failed to meet the applicable statute of limitations.

9. This action may be barred by the doctrine of laches and/or unclean hands.

10. The defendant asserts a set-off for all funds and services provided to the plaintiff through Medicare, Medicaid, public assistance, or other sources.

C. **AGREEMENTS OF THE PARTIES AND DISCOVERY PLAN:**

   **1.   Dispositive Motions**

   Defendant Ann Wicks' Motion to Dismiss is pending before the Court. The parties agree that discovery may proceed upon completion of the initial scheduling conference.

   **2.   Joinder and Amendment; narrowing of issues**

   The parties do not anticipate joinder of additional parties or amendment of the pleadings. The parties agree that any other parties should be joined and/or the pleadings amended within 45 days after the Initial Scheduling Conference.

   No factual or legal issues appear ripe for narrowing at this time.

   **3.   Assignment to Magistrate Judge**

   The parties do not believe this case should be assigned to a Magistrate Judge.

**4.    Settlement**

Defendant reserves opinion until after discovery has commenced.

**5.    ADR**

The parties and counsel believe that ADR may be appropriate after the close of discovery, if not otherwise settled.

**6.    Resolution by summary judgment or motion to dismiss; motions deadlines**

Defendant agrees that the case can be resolved by summary judgment. The deadlines for such motion should be as follows:

    a.    Dispositive Motion:  60 days after the close of discovery

    b.    Oppositions:         18 days after filing of dispositive motion

    c.    Replies:             11 days after filing of opposition

**7.    Initial disclosures**

The parties agree to dispense with the initial disclosures required by Fed. R. Civ. 26(a)(1).

**8.    Discovery**

The parties agree to the following discovery plan:

    a.    Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

    b.    The number of interrogatories to be limited to 30 per side.

    c.    Plaintiff requests that the number of depositions be limited to 7 per side.  Defendant requests that the number of depositions to be lmited to 5 per side.

d.  The duration of each deposition to be limited pursuant to LCvR 26.2(c).

At this time, it does not appear that a protective order is necessary.

**9.     Expert witnesses**

The parties agree that expert witness reports and information should be exchanged and expert discovery should occur as follows:

a.  Plaintiff's Expert Report:  30 days after the close of fact discovery

b.  Defendant's Expert Report: 60 days after the close of fact discovery

c.  Close of Expert Discovery: 90 days after the close of fact discovery

**10.    Class Actions**

This is not a class action lawsuit.

**11.    Bifurcation**

The parties agree that it appears that bifurcation of trial and discovery will not be necessary in this case.  However, defendant reserves the right to move to bifurcate the trial and/or discovery if the need should arise.

**12.    Pretrial conference date**

The parties agree that a pretrial conference should be set, if necessary, 60 days after the Court rules upon any dispositive motion.

**13.    Trial date**

The parties agree that the Court should set the trial date at the pretrial conference.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General

GEORGE VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/Nicole L. Lynch_____
NICOLE L. LYNCH (471953)
Chief, Section II

/s/Toni Michelle Jackson_____
TONI M. JACKSON (453765)
Assistant Attorney General
441 4th Street, NW, 6th Floor S
Washington, DC 20001
(202) 724-6602
Fax: (202) 727-3625
toni.jackson@dc.gov


/s/ F. Douglas Hartnett_____
F. DOUGLAS HARTNETT (466851)
Elitok & Hartnett at Law, LLC
2428 Wisconsin Avenue NW
Washington, DC 20007
(202) 965-0529
Fax: (202) 965-0530
dhartnett@elitokandhartnett.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RITA CHISHOLM,
        Plaintiff,

v.

SUPERIOR COURT OF THE
   DISTRICT OF COLUMBIA, *et. al.*

        Defendants.

Case No. 06-2174 (RBW)

### Defendant's Proposed Scheduling Order

Upon consideration of the parties' joint Report to the Court of LCvR 16.3 Conference, and the record herein, it is this _____ day of _____, 2007, hereby:

ORDERED that this case shall proceed according to the following schedule:

1. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

2. The number of interrogatories is to be limited to 30 per side.

3. The number of depositions is to be limited to 5 per side.

4. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

5. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

6. Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

7. All discovery on the parties' experts shall close 90 days after the close of fact discovery.

8. All dispositive motions shall be filed no later than 60 days after the close of discovery.

9. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

10. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

11. A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

12. The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____
UNITED STATES DISTRICT JUDGE

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RITA CHISHOLM,
            Plaintiff,

v.

SUPERIOR COURT OF THE
   DISTRICT OF COLUMBIA, *et. al.*

            Defendants.

Case No. 06-2174 (RBW)

**Plaintiff's Proposed Scheduling Order**

Upon consideration of the parties' joint Report to the Court of LCvR 16.3 Conference, and the record herein, it is this _____ day of _____, 2007, hereby:

ORDERED that this case shall proceed according to the following schedule:

13. Fact discovery, including answers to interrogatories, document production, admissions, and depositions to be completed within 180 days after the Scheduling Conference.

14. The number of interrogatories is to be limited to 30 per side.

15. The number of depositions is to be limited to 7 per side.

16. The duration of each deposition is to be limited pursuant to LCvR 26.2(c).

17. Plaintiff's expert report(s) and information shall be served no later than 30 days after the close of fact discovery.

18. Defendants' expert report(s) and information shall be served no later than 60 days after the close of fact discovery.

19. All discovery on the parties' experts shall close 90 days after the close of fact discovery.

20. All dispositive motions shall be filed no later than 60 days after the close of discovery.

21. Memoranda of points and authorities in opposition to any dispositive motions shall be filed no later than 18 days after filing of the dispositive motion.

22. Reply memoranda shall be filed no later than 11 days after filing of the opposition(s).

23. A pretrial conference shall be set, if necessary, 60 days after the Court rules upon any dispositive motion.

24. The trial date should be set at the pretrial conference from 30 to 60 days after the pretrial conference.

_____
UNITED STATES DISTRICT JUDGE