**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| RITA CHISHOLM,                             ) | |
|                                            ) | |
|       Plaintiff,            ) | |
|                                            ) | |
|       v.                   ) | Civil Action No.  06-2174 (RBW) |
|                                            ) | |
| SUPERIOR COURT OF THE                      ) | |
| DISTRICT OF COLUMBIA, *et. al.*,           ) | |
|                                            ) | |
|       Defendants.          ) | |
|                                            ) | |

**MEMORANDUM OPINION**

The plaintiff brings this suit for, inter alia, monetary damages based on alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq. (2000) (Count I), and the Rehabilitation Act, 29 U.S.C.A. § 701 et seq. (2000)  and the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq. (2000) (Count II) against the Superior Court of the District of Columbia ("Superior Court") and Ann B. Wicks in her official capacity as the Executive Officer of the District of Columbia Courts.[1]  Plaintiff's Complaint ("Compl.") ¶¶ 21, 44-48.  Currently

---

[1]The plaintiff mistakenly characterizes Ms. Wicks as the Executive Officer of the Superior Court, when actually she is the Executive Officer of the District of Columbia Courts, of which the Superior Courts is a component.  Although, Ms. Wicks is sued in her official capacity, the plaintiff has only named the Superior Court as a defendant and not the District of Columbia.  While the United States Court of Appeals for the District of Columbia Circuit has not addressed whether the Superior Court is a suable entity, other courts in this Circuit have applied the reasoning invoked by the Supreme Court in Blackmar v. Guerre, 342 U.S. 512, 514-15 (1952), that an agency established by Congress may not be sued eo nomine (in its own name) unless Congress has authorized the entity to be sued by explicit language or by implication.  See, e.g., Trifax Corp. v. District of Columbia, 53 F. Supp. 2d 20, 26 (D.C. Cir. 1999) (concluding that the District of Columbia Office of the Inspector General, the District of Columbia Department of Health, the District of Columbia Department of Administrative Services, and the District of Columbia Department of Human Services are non sui juris and had to be dismissed as

(continued...)

before the Court is defendant Ann Wicks' Motion to Dismiss the plaintiff's claims against her on

the grounds that "(1) [she] is not a proper party to this action; and (2) [she] is entitled to

qualified immunity in a suit against her in her official capacity."  Defendant's Motion to Dismiss

("Mot. to Dismiss") at 1.  The plaintiff has not filed an opposition to defendant Wicks' motion to

dismiss[2] and for the reasons set forth below her motion to dismiss is granted.

## I. FACTUAL BACKGROUND

The plaintiff, Rita Chisholm, age 59, was an employee of the District of Columbia Courts

for 19 years.  Compl. ¶¶ 1-2.  In May 2004, the plaintiff allegedly experienced "severe pain" in

her right wrist .  Id. ¶ at 7.  The injury was purportedly determined to be caused by repetitious

---

[1](...continued)

parties); see also, e.g., Ray v. District of Columbia, 535 A.2d 868, 869 n.2 (D.C. 1987) (District of Columbia Fire Department, the city's Board of Police and Fire Surgeons, and its Police and Fire Clinic are not suable entities); Braxton v. Nat'l Capital Housing Auth., 396 A.2d 215, 217-18 (D.C. 1978) (concluding that the District of Columbia National Capital Housing Authority is not sui juris); Roberson v. D.C. Bd. of Higher Educ., 359 A.2d 28, 31 n.4 (D.C. 1976).  Accordingly, members of this Court have extended such reasoning to the Superior Court and have held that it is not suable eo nomine.  See Kundrat v. District of Columbia, 106 F. Supp. 2d 1, 8 (D.D.C. 2000) (joining Thompson v. District of Columbia, 1980 WL 123, at *2 (D.D.C. 1980) in concluding that neither the Superior Court nor the District of Columbia Court's Joint Committee on Judicial Administration are suable eo nomine); Harris v. U.S. Parole Comm'n, 1989 WL 24567, at *3 (D.D.C. 1989) (concluding that the Superior Court cannot be sued because the Act creating the Superior Court did not either explicitly or implicitly intend that the Superior Court would be amenable to suit and bodies or subdivisions within the Government of the District of Columbia have been found not to be amenable to suit); Thompson, 1980 WL 123, at *2 (D.D.C. 1980) (concluding that neither the District of Columbia Superior Court nor the District of Columbia Office of Human Rights are entities suable in their own name).  Thus, although neither party has addressed whether the Superior Court is a proper party in this action, consistent with existing legal authority, the Court concludes that the District of Columbia and not the Superior Court is the proper party for suit in this action and, therefore, should be the named defendant.  Since the plaintiff has not filed a motion to amend her complaint, the Court shall allow the plaintiff time to file a motion for leave to do so and properly name the District of Columbia as the defendant.  In any event, the analysis below is applicable regardless of whether the District of Columbia or the Superior Court is the named defendant.  Further, the Court expresses no opinion as to the merits of the plaintiff's claims and allegations against the District of Columbia.

[2] Counsel for the plaintiff also advised one of the Court's law clerks by telephone that he does not intend to file an opposition to defendant Wick's motion to dismiss.

physical activity in performing her activities as a court clerk.  Id.  On November 9, 2004, the

plaintiff contends that she fell and injured her ankle. Id. ¶¶ 8-9.  Subsequently, Ms. Chisholm

applied for and was denied advance annual leave to have surgery to address these injuries.  Id.  ¶¶

10-11.  Therefore, in January 2005, the plaintiff applied for workers' compensation, which was

granted by the United States Department of Labor. Id. ¶¶  9, 13.

    In response to the denial of her request for annual leave, the plaintiff filed a grievance

memorandum with her supervisor, Mr. Cyril Erugo. Id. ¶ 18.  The plaintiff asserted that the

denial of her annual leave request and her relationship with her colleague and former friend,

Jennifer Galloway, had created a "hostile" work environment.  Id. ¶¶2-3, 18.  According to the

plaintiff, after befriending the plaintiff's daughter, Ms. Galloway allegedly "overstepped all

professional and personal boundaries" by falsely telling their co-workers that the plaintiff  "was

not a good parent." Id. ¶¶ 15-18, 30-31.  In the grievance memo, the plaintiff alleged that in

reporting information about the plaintiff's personal life, Ms. Galloway influenced the

supervisors' decision to deny the plaintiff's request for annual leave.  Id. ¶ 18.  Thus, the plaintiff

contends that she requested, to no avail, that Mr. Erugo investigate this decision.  Id.

    On February 21, 2005, the plaintiff met with an Employee Assistance Counselor to

discuss the alleged hostile work environment and her concern that due to her absence from work

while on workers' compensation, her supervisors were unsympathetic to her complaints.  Id. ¶

22.  Then, on March 11, 2005, the plaintiff filed a second complaint with Mr. Erugo's supervisor,

Dana Friend, reasserting the same concerns expressed earlier and asking that she be transferred to

another division in the District of Columbia Courts. Id. ¶¶ 24-25.  Mr. Friend purportedly assured

the plaintiff he would follow-up on her request, but allegedly failed to do so.  Id. ¶ 26.

Sometime shortly after April 7, 2005, the plaintiff learned that Ms. Galloway had filed a police report against the plaintiff after an alleged incident involving Ms. Galloway, the plaintiff, and the plaintiff's daughter, which resulted in a warrant being issued for the plaintiff's arrest.  Id. ¶¶ 30- 36.  The plaintiff voluntarily surrendered to the police and as a condition of her release the plaintiff was ordered to stay away from Ms. Galloway.  Id. ¶ 36.  Anthony Rainey, the Chief Financial Officer for the District of Columbia Courts, allegedly authored a memorandum that confirms that the decision to terminate the plaintiff's employment with the court system on August 5, 2005, was based, in part, on the stay away order and the allegations made by Ms. Galloway against the plaintiff, despite the fact that no one contacted the plaintiff directly about the allegations or otherwise investigated the validity of them.  Id. ¶¶  37-41.  The plaintiff contends that other employees who had also been arrested did not have their employment terminated, but rather were transferred, reassigned, or received less severe sanctions.  Id. ¶ 42. The plaintiff claims that her disparate treatment was the product of discrimination based on her age (Count I) and her absence from work due to her disabling injuries (Count II).  Id. ¶¶ 42, 45, 47-48.  The plaintiff requests monetary damages as well as non-monetary relief, including reinstatement.  Id. at 11.

On February 1, 2007, defendant Wicks filed the motion to dismiss which is the subject of this opinion.  As indicated, the motion is based, in part, on Ms. Wicks' position that she has been improperly named as a party in this case, having been sued solely in her official capacity as the Executive Officer of the District of Columbia Courts.[3]  Def.'s Mot. to Dismiss at 1.

---

[3]  The Court notes that Ms. Wicks also moves to dismiss the plaintiff's claims against her on the grounds of qualified immunity.  Mot. to Dismiss at 3.  In a suit against an employee in her official

(continued...)

## II. STANDARD OF REVIEW

### A. Motions to Dismiss for Failure to State a Claim Under Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides that a motion to dismiss may be granted when the plaintiff fails in her complaint to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When ruling on a Rule 12(b)(6) motion, the "complaint is construed liberally in the plaintiffs' favor, and [the court must] grant plaintiffs the benefit of all inferences that can be derived from the facts alleged."  Kowal v. MCI Commc'n Corp., 16 F.3d 1271, 1276 (D.D.C. 1994).  The Court need not, however,  "accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III.  ANALYSIS

### A. The Case Against Ms. Wicks Is Equivalent to a Suit
### Against the District of Columbia Courts

"A suit[ brought] against an individual in her official capacity is one method of bringing suit against the employer and is distinct from an individual capacity suit."  Cooke-Seals v. District of Columbia, 973 F. Supp. 184, 187 (D.D.C. 1997) (citations omitted).  If a suit is filed against both the employer (here the District of Columbia Superior Court), and an employee in her

---

[3](...continued)
capacity, defenses such as qualified and absolute immunity, which are available in individual capacity suits, are unavailable.  Kentucky v. Graham, 473 U.S. 159, 167 (1985);  O'Callaghan v. District of Columbia, 741 F. Supp. 273, 279  (D.D.C. 1990) (holding that qualified immunity was available in a case brought against individuals in their individual capacities for acts violative of statutory and constitutional rights, but not as to claims lodged against them in their official capacities).  Here, the plaintiff does not assert any claims against Ms. Wicks in her individual capacity, but only in her official capacity as the Executive Officer of the District of Columbia Courts. Compl. at 2.  The Court therefore finds that defendant Wicks' assertion of the defense of qualified immunity in her motion to dismiss must fail as the plaintiff's complaint was filed against Ms. Wicks only in her official capacity, and not in her individual capacity.  Mot. to Dismiss at 5; see Atchinson v. District of Columbia, 73 F.3d 418, 425 (D.C. Cir. 1996).

official capacity (Ms. Wicks as the Executive Officer of the District of Columbia Courts), "the

claims against the employee merges with the claims against the employer." Id. (citing Gary v.

Long, 59 F.3d 1391, 1399 (D.C. Cir.), cert. denied, 516 U.S. 1011 (1995); see also Carter v.

Marshall, 457 F. Supp. 38, 41 (D.D.C. 1978) (since the proper defendant in an action brought

under the Age Discrimination in Employment Act is not specified in the statute as to government

employees, the proper defendant would be the plaintiff's employer).  Here, the plaintiff has filed

suit against the Superior Court, and the defendants filed an Answer to the Complaint and a

Motion to Dismiss defendant Wicks as a party on February 1, 2007.  In addition, the plaintiff

names Ms. Wicks as a defendant solely in her official capacity, having asserted no facts

demonstrating that Ms. Wicks personally engaged in any wrongdoing  related to the plaintiff or

her claims.  Compl. ¶ 2.  Instead, the plaintiff's claims are directed against the Superior Court,

the entity Ms. Wicks represents as a government official and employee. Id.; See Graham, 473

U.S. at 165 (holding that an official capacity suit is "another way of pleading an action against an

entity of which an officer is an agent") (citation omitted).  Because "an official capacity suit

against an individual is the functional equivalent of a suit against the employer," claims against

an individual in her official capacity have been routinely dismissed as "redundant and an

inefficient use of judicial resources." Murphy  v. PriceWaterhouseCoopers, LLP, 357 F. Supp. 2d

230, 244 (D.D.C. 2004) (quoting Cooke-Seals, 973 F. Supp. at 187) ; see also Robinson v.

District of Columbia , 403 F. Supp. 2d 39, 49 (D.D.C. 2005); Barnes v. District of Columbia, No.

Civ.A. 03-2547, 2005 WL 1241132, at *3  (D.D.C. May 24, 2005).  Consistent with what these

courts have concluded, this Court finds that by asserting claims against both  Ms. Wicks in her

official capacity and the Superior Court, the plaintiff's claims against Ms. Wicks are duplicative

of the claims against the Superior Court.  Cooke-Seals, 973 F. Supp. at 187.  Therefore, the

plaintiff has failed to state a claim upon which relief can be granted because she is suing an

individual from whom she cannot recover monetary damages.[4]  Graham, 473 U.S. at 166, 169

(stating that a plaintiff suing an individual in her official capacity for monetary damages must

look to the government entity for recovery).  Accordingly, the Court must grant defendant

Wicks's uncontested Rule 12(b)(6) motion to dismiss as to the plaintiff's demand for monetary

damages, and, at least for now, deny her motion as to the plaintiff's demand for equitable relief.[5]

## IV. CONCLUSION

For the aforementioned reasons, defendant Wicks's motion to dismiss the plaintiff's

claims for monetary damages and equitable relief  against her pursuant to Federal Rule of Civil

Procedure 12(b)(6) is granted, in part, and denied, in part.[6]

_____
REGGIE B. WALTON
United States District Court Judge

---

[4] The Court notes that "state officials [,such as defendant Wicks,] may be sued in their official capacities for [equitable] relief, although they may not be sued for money damages."  Hatfill v. Gonzales, Civ. No. 03-1793, 2007 WL 842967, at *3 (D.D.C. Mar. 6, 2007) (citing Ameritech Corp. v. McCann, 297 F.3d 582, 586 (7th Cir. 2002).  However, if the District of Columbia  was named as a party to this action, there would be no need to require defendant Wicks to remain as a party to this suit in her official capacity to acquire the equitable relief the plaintiff seeks.  However, since the District of Columbia has not yet been named as a party in this suit, in order to afford the plaintiff an avenue for obtaining equitable relief, defendant Wicks must remain as a defendant in her official capacity.

[5] As previously noted, the proper defendant is the District of Columbia and the Court is declining to dismiss Ms. Wicks until the plaintiff is afforded a reasonable opportunity to make this substitution.

[6] An order consistent with this Memorandum Opinion shall be contemporaneously issued herewith.