UNITED STATES FEDERAL DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RITA CHISHOLM** : | |
| Plaintiff, : | |
| : | **Civil Action No. 06-2174 (RBW)** |
| v. : | (Jury Trial Requested) |
| : | |
| **DISTRICT OF COLUMBIA,** : | Date: October 29 , 2007 |
| a Municipal Corporation : | |
| Defendants. : | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

I.  INTRODUCTION

Each of Defendant's arguments in opposition to Plaintiff's Motion for Leave to File Amended (2nd) Complaint fail because they do not accurately reflect the law on which they rely and the factual allegations of the complaint, or they simply fail to demonstrate the how Defendant's would be harmed in the manner proffered.  To wit, Plaintiff's Amended (2nd) Complaint  to include a wrongful termination claim is not futile or prejudicial and should be granted for the reasons detailed in the Plaintiff's Motion and below.

II.  ARGUMENT

a.  Standards for Allowing Amendments to Pleadings

Rule 15 of the Federal Rules of Civil Procedure permit party's to amend their complaint once "as a matter of course prior to a responsive pleading being served."  Once a responsive pleading is served "a party may amend the party's pleading only by leave of court or by written consent of the adverse party;  and leave shall be freely given when justice so requires." F<small>ED</small>.R.C<small>IV</small>.P. 15(a).  As long as the amendment "is not a frivolous or dilatory measure and is

made in good faith, it should be granted." Johnson v. Helicopter & Airplane Services Corp., 389 F.Supp. 509, 514 (D. Md. 1974).

Defendants do not allege that Plaintiff's amendment is either frivolous nor dilatory. Nor do they offer any evidence indicating undue delay or bad faith on Plaintiff's behalf. Defendant's Opposition does not contest the substance of the Amended (2nd) Complaint . Instead, Defendant argues that amending the complaint is futile because Plaintiff never provided notice pursuant to D.C. Code § 12-309 and, as such, recovery is totally barred.

b. Defendants Overstate the Scope of D.C. Code §12-309

The mandatory notice provisions of § 12-309 apply only to *unliquidated* damages. D. C. Code §12-309 and *see* District of Columbia v. Campbell, 580 A.2d 1295 (D.C. 1990) (finding plaintiff's damages were unliquidated because the amount claimed by plaintiff changed numerous times throughout the litigation). Damages that are easily ascertainable are considered liquidated damages, not unliquidated damages. Beeton v. District of Columbia, 779 A.2d 918 (D.C. 2001). Damages are liquidated when the proper amount to be awarded can be determined "with exactness by application of definite rules of law, by an arithmetical calculation or a pleaded agreement between the parties." Aon Risk Services of Washington, D.C. v. Estate of Coyne, 915 A.2d 370 (D.C. 2007) (citing United States Fire Ins. v. C&C Beauty Sales, 674 So.2d 169 (Ct.App.Fla. 1996)). Damages are not liquidated if the "ascertainment of their exact sum requires the taking of testimony to ascertain facts upon which to base a value judgment." Id.

A significant portion of damages Plaintiff seeks, as they relate to her wrongful termination claim, are easily ascertainable. Because the harm alleged involves the loss of

employment, Plaintiff seeks back pay, benefits and attorneys fees, which are all easily ascertainable. Plaintiff seeks compensatory (unliquidated) damages only as they relate to her federal claim for Disability Discrimination under the Americans with Disabilities Act, which are not subject to §12-309. [1]

### c. Plaintiff was Terminated in Violation of Public Policy

Defendants next argue that under District of Columbia law, "[A]n employee who serves at the will of his or her employer may be discharged 'at any time and for any reason, or for no reason at all.'" Liberatore v. Melville Corp., 168 F.3d 1326 (D.C. Cir. 1999). Thus, D.C. law presumptively bars wrongful termination claims brought by at-will employees.

In addition defendant site Adams v. George W. Cochran & Co., 597 A.2d 30 (D.C. 1991), where the D.C. Court of Appeals recognized a narrow public policy exception to this rule if the plaintiff demonstrates that "the sole reason for the employee's discharge is the employee's refusal to violate the law, as expressed in a statute or a municipal regulation." Id. at 34. Defendant's argue that since Plaintiff does not allege that she was fired for refusing to violate the law, she does not meet the small public policy exception as set forth in Adams, supra.

However, Defendant's fail to follow the line of cases on this issue through to the current state of the law. The Court of Appeals in Carl v. Children's Hospital, 702 A.2d 159 (D.C. 1997)(*en banc*), built upon the Adams decision and concluded that circumstances other than an employee's outright refusal to violate a law also may provide a basis for a public policy exception. A plurality of the court concluded that the recognition of any such public policy

---

[1] Although Defendants note that some DC Superior Court judges have held that §12-309 applies to claims under the DC Human Rights Act (DCHR), Plaintiff has made no claims under this statute.

exception to the at-will doctrine must be "solidly based on a statue or regulation that reflects the particular public policy to be applied or (if appropriate) on a constitutional provision concretely applicable to the defendants conduct." Id. at 163.

Carl involved a part time nurse who was fired because she took a position contrary to her employers when she testified before the Council of District of Columbia regarding certain legislation and because she had appeared in court as an expert witness for plaintiffs in medical malpractice cases. Carl, 702 A.2d at 160. The public policy plaintiff alleged to have been violated was D.C. Code §1-224 (1992), which provides penalties for those that attempt to influence, through coercion or otherwise, the outcome of a matter before the Council. The other policy plaintiff alleged to have been violated was the District of Columbia Health Occupations Act, D.C. Code §2-3301.2(17)(C) (1981), which defines the practice of registered nursing and the nursing code of conduct.

The D.C. Court of Appeals found that as long as a cause of action is "firmly anchored either in a constitution or in statute or regulation which clearly reflects the particular 'public policy' being relied upon" and that plaintiff had met this burden. Id. at 162. Further, the court held that "the 'very narrow exception' created in Adams should not be read in a manner that makes it impossible to recognize any additional public policy exceptions" and "[t]here is nothing . . . that bars this court . . . from recognizing some other public policy exception when circumstances warrant such recognition." Id. at 160.

Under the Carl framework plaintiff must first identify a policy that has been "officially declared." See Carl, 702 A.2d at 164. In Mastrangelo v. National Rail Road Passenger, 2006 WL 416181 (D.D.C. Feb. 22, 2006), the plaintiff alleged that his employer terminated him after he disclosed to the Inspector General certain potentially illegal acts, thus violating the public

policy as set forth in Title 5, Section 7(c) of Appendix 3, Inspector General Act of 1978. The Act provides that an employer may not take adverse action against an employee for making disclosures to the Inspector General. Mastrangelo, 2006 WL 416181 at *2. The court found the company's act was a violation of public policy. Id. at *3.

In Fingerhut v. Children's National Medical Center, 738 A.2d 799 (D.C. 1999), the plaintiff alleged that his employer terminated him after he reported employer's alleged bribe of a government official and subsequently assisted the FBI in the corruption investigation. The court agreed with the plaintiff that he had been terminated in violation of public policy. Fingerhut, 738 A.2d at 800-01.

In the instant case the District of Columbia Court's had an official policy in place to ensure the efficient functioning of the judicial system. According to the District of Columbia Courts Personnel Policies §1100 "[G]rievances are matters of complaint, concern, or dissatisfaction of an employee. Every effort shall be made to resolve grievances promptly and equitably in order to *maintain a healthy work environment and preserve positive employee attitudes*." (emphasis added).

The purpose of the District of Columbia Courts Personnel Policies §1100 is set out in § 110. This section states, "[t]he joint committee on Judicial Administration declares that it is the purpose of the policies to assure that the District of Columbia Courts have a comprehensive and fair personnel system which shall: (B) insure the efficient administration of the personnel system; (G) provide a positive policy for employee-employer relations; and (H) protect employees against coercion and undue pressure.

This policy satisfies the Carl requirement that the public policy violated be "solidly based on a statue or regulation that reflects the particular public policy to be applied or (if appropriate)

on a constitutional provision concretely applicable to the defendants conduct." Carl, 702 A.2d at 163. Therefore, Ms. Chisholm was terminated in violation of the District of Columbia's public policy, as stated in Personnel Policy §§110 and 1100, which reflect a clear mandate of declared public policy. Because the allegations in the Amended (2nd) Complaint allege, among other violations, that this policy was not followed when the Plaintiff was terminated, the facts satisfy the Carl requirements for the exception of the at-will doctirne.

In addition, the fact that Plaintiff worked for the District of Columbia, in a position governed by a set of policies that require her employer to sustain either conduct or performance deficiencies before taking an adverse action, and affording her the right to challenge any such personnel actions in a grievance and or an administrative hearing indicate that she is not even an "at-will" employee. The Defendant's Opposition utterly fails to recognize or address this distinction. Notably, every case cited in this argument involves a private-sector employee making a claim against a corporation, not a public entity.

### d.  Defendant Has Suffered No Prejudice

Defendant alleges that they would be unduly prejudiced if the Amended (2nd) Complaint is allowed to proceed because the amendment is futile. As discussed above, the amendment is not futile because Plaintiff is not seeking unliquidated damages with her wrongful termination claim. As such, the mandatory notice requirements of D.C. Code § 12-309 do not apply.

Further, Plaintiff's Amended (2nd) Complaint arises out of the same conduct, transaction and occurrence. Defendant was and is aware of the factual allegations against them. The Amended (2nd) Complaint merely adds an additional legal theory for recovery. Discovery is still

open in this matter and the amendment does not allege any additional facts which defendant would not be able to test in discovery. There is, therefore no prejudice whatsoever.

Most fatally however, Defendant's argument is simply illogical. If, as Defendant claims, the new claim in the Amended (2nd) Complaint is in fact futile based on the failure to comply with DC Code §12-309, then no additional defense beyond Defendant's Opposition is necessary.

### III.  CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that her Motion for Leave to Amend be GRANTED.

                                                   Respectfully Submitted,

                                                   DOUG HARTNETT

October 29, 2007

                                                   _____/s/_____
                                                   F. Douglas Hartnett
                                                 Elitok and Hartnett at Law, L.L.C.
                                                 2428 Wisconsin Avenue, NW
                                                 Washington, DC  20007
                                                 (202) 965-0529 / (202) 965 0530 (fax)

                                                 Counsel for Plaintiff