UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| RITA CHISHOLM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No.   06-2174 (RBW) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MEMORANDUM OPINION

On December 12, 2006, the plaintiff filed this lawsuit alleging violations of the Age

Discrimination in Employment Act, 29 U.S.C. §§ 621-634 (2000) (Count I), the Rehabilitation

Act, 29 U.S.C. §§  701-718 (2000),  and the Americans With Disabilities Act, 42 U.S.C. §

12101-12117 (2000) (Count II) against the Superior Court of the District of Columbia ("Superior

Court") and Ann B. Wicks in her official capacity as the Executive Officer of the District of

Columbia Courts.  On February 1, 2007, defendant Ann Wicks requested that this Court dismiss

the plaintiff's claims against her on the grounds  that "(1) [she] is not a proper party to this

action; and (2) [she] is entitled to qualified immunity in a suit against her in her official

capacity."  Defendant's Motion to Dismiss ("Mot. to Dismiss") at 1.  Subsequently, on June 4,

2007, this Court granted in part and denied in part Ms. Wick's motion to dismiss.  Chisholm v.

Superior Court of the District of Columbia, Civil Action No. 06-2174, 2007 WL 1601718, at *3

n.1 (D.D.C. June 4, 2007).   The Court concluded that "the District of Columbia and not the

Superior Court is the proper party for suit in this action and, therefore, should be the named

1

defendant.  Since the plaintiff ha[d] not filed a motion to amend her complaint, the Court . . .

allow[ed] the plaintiff time to file a motion for leave to do so and properly name the District of

Columbia as the defendant."  Id. at 1.  The Court further noted that because "the proper defendant

is the District of Columbia . . . [,it] [would] declin[e] to dismiss Ms. Wicks until the plaintiff

[wa]s afforded a reasonable opportunity to [substitute the District of Columbia for Ms. Wicks]."

Id. at *2 n.5.  On July 13, 2007, the plaintiff filed her amended complaint naming the District of

Columbia as the only defendant.  Plaintiff's First Amended Complaint.  Currently before the

Court is the plaintiff's motion for leave to amend her complaint seeking to add the common law

tort of wrongful termination as a claim.  Plaintiff's Motion for Leave to File An Amended

Complaint ("Pl's Mot. To Amend.").[1]

## I. Background

The plaintiff, Rita Chisholm, age 59, was an employee of the District of Columbia Courts

for 19 years.  Compl. ¶¶ 1-2.  In May 2004, the plaintiff allegedly experienced "severe pain" in

her right wrist .  Id. ¶ at 7.  The injury was purportedly determined to be caused by repetitious

physical activity in performing her activities as a court clerk.  Id.  On November 9, 2004, the

plaintiff contends that she fell and injured her ankle. Id. ¶¶ 8-9.  Subsequently, Ms. Chisholm

applied for and was denied advance annual leave to have surgery to address these injuries.  Id.  ¶¶

10-11.  Therefore, in January 2005, the plaintiff applied for workers' compensation, which was

granted by the United States Department of Labor. Id. ¶¶  9, 13.

---

[1]The following documents have also been filed in connection with the plaintiff's motion: (1) Plaintiff's Memorandum of Points and Authorities in Support of Plaintiff's Motion for Leave to File an Amended Complaint ("Pl.'s Mem."); (2) Defendant's Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint ("Def.'s Opp'n"); and (3) Plaintiff's Response to Defendant's Opposition to Motion for Leave to File a Second Amended Complaint ("Pl.'s Reply").

In response to the denial of her request for annual leave, the plaintiff filed a grievance memorandum with her supervisor, Cyril Erugo. Id. ¶ 18.  The plaintiff asserted that the denial of her annual leave request and her acrimonious relationship with her colleague and former friend, Jennifer Galloway, had created a "hostile" work environment.  Id. ¶¶2-3, 18.  According to the plaintiff, after befriending the plaintiff's daughter, Ms. Galloway allegedly "overstepped all professional and personal boundaries" by falsely telling their co-workers that the plaintiff  "was not a good parent." Id. ¶¶ 15-18, 30-31.  In the grievance memorandum, the plaintiff alleged that in reporting information about the plaintiff's personal life, Ms. Galloway influenced the supervisors' decision to deny the plaintiff's request for annual leave.  Id. ¶ 18.  The  plaintiff contends that she requested, to no avail, that Mr. Erugo investigate this decision.  Id.

On February 21, 2005, the plaintiff met with an Employee Assistance Counselor to discuss the alleged hostile work environment and her concern that due to her absence from work while on workers' compensation, her supervisors were unsympathetic to her complaints.  Id. ¶ 22.  Then, on March 11, 2005, the plaintiff filed a second complaint with Mr. Erugo's supervisor, Dana Friend, reasserting the same concerns expressed earlier and asking that she be transferred to another division in the District of Columbia Courts. Id. ¶¶ 24-25.  Mr. Friend purportedly assured the plaintiff he would follow-up on her request, but allegedly failed to do so.  Id. ¶ 26.

Sometime shortly after April 7, 2005, the plaintiff learned that Ms. Galloway had filed a police report against the plaintiff after an alleged incident involving Ms. Galloway, the plaintiff, and the plaintiff's daughter, which resulted in a warrant being issued for the plaintiff's arrest.  Id. ¶¶ 30- 36.  The plaintiff voluntarily surrendered to the police and as a condition of her release the plaintiff was ordered to stay away from Ms. Galloway.  Id. ¶ 36.  Anthony Rainey, the Chief

Financial Officer for the District of Columbia Courts, allegedly authored a memorandum that confirms that the decision to terminate the plaintiff's employment with the court system on August 5, 2005, was based, in part, on the stay away order and the allegations made by Ms. Galloway against the plaintiff, despite the fact that no one contacted the plaintiff directly about the allegations or otherwise investigated the validity of them. Id. ¶¶ 37-41. The plaintiff contends that other employees who had also been arrested did not have their employment terminated, but rather were transferred, reassigned, or received less severe sanctions. Id. ¶ 42. The plaintiff claims that her disparate treatment was the product of discrimination based on her age (Count I) and her absence from work due to her disabling injuries (Count II). Id. ¶¶ 42, 45, 47-48. The plaintiff requests monetary damages as well as non-monetary relief, including reinstatement. Id. at 11.

On October 31, 2007, the plaintiff filed her motion to amend her complaint a second time after discovering upon further research into the facts of this case that "she was [allegedly] wrongfully terminated in violation of the District of Columbia's common law tort action prohibiting . . . wrongful termination in violation of public policy." Pl's Mot. To Amend. at 2.

## II. Standard of Review

Federal Rule of Civil Procedure 15(a) states that once a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." As the Supreme Court has stated, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of

4

the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be

'freely given.'" <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  A District Court has broad discretion

to allow or disallow an amendment, as the Court "possesses sufficient familiarity with the

circumstances of a case to exercise its discretion wisely and determine whether any of the five

enumerated <u>Foman</u> factors, or others implied by the Court's 'etc.,' apply in any given case."

<u>Harris v. Sec'y, U.S. Dept. of Veterans Affairs</u>, 126 F.3d 339, 344 (D.C. Cir. 1997).  Refusal to

grant leave to amend a pleading "without any justifying reason appearing for the denial . . . is . . .

[an] abuse of . . . discretion and inconsistent with the spirit of the Federal Rules." <u>Foman</u>, 371

U.S. at 182.

### III. Legal Analysis

In this case, the plaintiff's motion to amend her complaint is challenged on the grounds of

undue prejudice to the defendant resulting from allowance of the amendment and futility of the

amendment.  The defendant contends that the "[p]laintiff's [m]otion to amend would be futile"

because  the plaintiff  "failed to provide notice of her claims pursuant to D.C. Code §12-309."

Def's Opp'n at 2.  Further, the defendant asserts that the plaintiff's motion to amend her

complaint is futile "[b]ecause the plaintiff has not alleged [the] elements essential to sustain a

wrongful discharge claim . . . . " <u>Id.</u> at 6.  In contrast, the plaintiff contends that her motion to

amend her complaint to include a claim for wrongful termination should be granted and  is not

futile because "[she is not seeking unliquidated damages with her wrongful termination claim."

Pl's Reply at 5.  The plaintiff asserts that since "the harm alleged involves the loss of

employment, [she] seeks back pay, benefits and attorneys fees, which are all easily

ascertainable." <u>Id.</u> at 2-3.  The plaintiff contends that "[a]s such, the mandatory notice

requirements of D.C. Code §12-309 do not apply." Id. at 6. Further, the plaintiff contends that

the defendant will not be unduly prejudiced by the amendment. Id. at 7.

    A.  Notice under D.C. Code § 12-309

    The plaintiff's proposed Second Amended Complaint would include a tort claim for

wrongful termination against the District of Columbia. Under the law of the District,

> An action may not be maintained against the District of Columbia for unliquidated
> damages to person or property unless, within six months after the injury or
> damage was sustained, the claimant, his agent, or attorney has given notice in
> writing to the Mayor of the District of Columbia of the approximate time, place,
> cause, and circumstances of the injury or damage.

D.C. Code § 12-309. To the extent that the relief the plaintiff seeks for her allegedly wrongful

termination is limited to "back pay [and] benefits . . .," Pl's Reply at 3, the plaintiff is correct that

D.C. Code § 12-309 is not applicable to liquidated damages. In Beeton v. District of Columbia,

779 A.2d 918 (D.C. 2001), the District of Columbia Court of Appeals upheld a decision to allow

a wrongfully terminated employee to recover such liquidated damages even though "the District

was not provided with the requisite notice of the claim under D.C. Code § 12-309." Id. at 925.

The Court of Appeals also upheld the trial court's determination that the employee could not

recover unliquidated damages "related to her claim for intentional infliction of emotional

distress," id., since that claim was barred due to the employee's failure to give the required notice

under section 12-309. The Court of Appeals drew its distinction by stating that unliquidated

damages are not "'an easily ascertainable sum certain.'" Id. (quoting Hartford Accident & Indem.

Co. v. District of Columbia, 441 A.2d 969, 974 (D.C. 1982)) (additional citation omitted). To

the extent that the plaintiff sustained such "easily ascertainable" damages as a result of her

allegedly wrongful termination, that claim is not barred by section 12-309. The proposed

amendment, at least with respect to its timeliness, then, is certainly not futile.

   B. The merits of the wrongful termination claim

   The defendant contends that the plaintiff has not alleged the elements essential to sustain a wrongful discharge claim, namely: (1) that the plaintiff "was . . . threatened with termination . . . or any other disciplinary action" or (2) that "her employer ordered her to break the law."  Def's Opp'n at 6.  In opposition, the plaintiff responds that "[b]ecause the allegations in her [Second Amended] Complaint allege, among other violations, that [§§110 and 1100 of the District of Columbia Courts Personnel Policies] . . . [were] not followed when [she] was terminated, the facts satisfy the [Carl v. Children's Hospital, 702 A.2d 159 (D.C. 1997)] requirements for the exception of the at-will doctrine."  Pl's Reply at 6. Further, the plaintiff asserts that "the fact that [she] worked for the District of Columbia, in a position governed by a set of policies that require her employer to sustain either conduct or performance deficiencies before taking an adverse actions, and affording her the right to challenge any such personnel action in a grievance and[/]or an administrative hearing indicate that she is not even an 'at-will' employee."  Id.  In any event, although the parties dispute whether the plaintiff was an at-will employee, the Court finds that the plaintiff's request for leave to amend should be granted.[2]

---

   [2] "In the District of Columbia, absent express language indicating particular terms or duration of employment, the employment relationship is presumed to be at-will." Daisley v. Riggs Bank, N.A., 372 F.Supp.2d 61, 67 (D.D.C.2005); see also Dunaway v. Int'l Bhd. Of Teamsters, 310 F.3d 758, 766 (D.C.Cir.2002) ("In the District of Columbia, employment contracts for no definite period of time are terminable at will of either party absent clear evidence of the parties' intent to contract otherwise."); Willoughby v. Potomac Elec. Power Co., 100 F.3d 999, 1001 (D.C.Cir.1996) ("In the District of Columbia . . . the employment relationship is presumed to be terminable at will by either employer or employee."); Carter v. George Washington University, 180 F.Supp.2d 97, 109 (D.D.C. 2001) ("In the District of Columbia, if there is no express contract or clause indicating the duration of the employment relationship then there is a presumption of at-will employment.").  At this stage in the litigation, the plaintiff has not provided the Court with an employment contract or any other documentation to substantiate a finding by this Court that she is not an at-will employee.

Even assuming, however, that the plaintiff is an at-will employee, in order to prevail on a claim for wrongful termination, the plaintiff must show that her termination violated an articulated public policy. Adams v. George W. Cochrane & Co., 597 A.2d 28, 33 (D.C. 1991) (recognizing the availability in the District of Columbia of a tort claim against an employer for termination in violation of public policy). The defendant relies heavily on the Court of Appeals' decision in Adams, stating that the only violation of public policy that rises to the level of a wrongful termination is the termination of an employee for refusal to violate a law. Def.'s Opp'n at 5; Adams, 597 A.2d at 34. The plaintiff is correct in pointing out, however, that subsequent to its decision in Adams, the Court of Appeals, sitting en banc, stated that violations of other public policies could also be bases for wrongful termination suits. Carl, 702 A.2d at 160 ("A majority of the en banc court now agrees . . . that Adams does not foreclose any additional 'public policy' exceptions to the general rule that employment contracts are always at will unless they expressly provide otherwise."). In Carl, the Court of Appeals considered the lawfulness of the termination of an employee as a result of the employee's advocacy before the District of Columbia Council. Id. The employee's termination was found to be a violation of public policy, and thus unlawful. Id.

The plaintiff claims that her termination was likewise a violation of public policy, since her formal and informal complaints concerning Ms. Galloway to her supervisors were allegedly ignored. Pl's Reply at 5-6. The plaintiff points to a provision of the District of Columbia Courts Personnel Policies mandating "efficient administration of the personnel system" and a "positive policy for employee-employer relations." Id. at 5. The Court is extremely hesitant to deny leave to amend and thus essentially rule on the merits of the plaintiff's wrongful termination claim

without giving both parties the opportunity to make more fully developed arguments and therefore refuses to do so.

C. Prejudice to the Non-moving party

Finally, the defendant argues that it will be unfairly prejudiced if the Court grants the plaintiff leave to amend her complaint. Def.'s Opp'n at 6. The defendant primarily argues that it would be unfairly prejudiced because the amendment is futile. Id. Since the Court has determined that the plaintiff's motion to amend will not be futile, the Court also finds that the defendant will not be unduly prejudiced by the plaintiff amending her complaint to include a wrongful termination claim.

## IV. CONCLUSION

For the foregoing reasons, the plaintiff's motion for leave to file a second amended complaint must be granted.


SO ORDERED this 12th day of February, 2008.


_____
REGGIE B. WALTON
United States District Judge